

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
03/10/2016

|  |  |
|---|---|
| IN RE | )<br>) |
| ETHEL FAYE LEWIS, | ) CASE NO. 15-80355-G3-13<br>) |
| Debtor, | )<br>) |
| ETHEL FAYE LEWIS, | )<br>) |
| Plaintiff,<br>v. | ) ADV. NO. 16-8002<br>) |
| ROBERT RAYMOND NOBLE, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

The court has held a trial on the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Ethel Faye Lewis ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on October 2, 2015.

Debtor testified at the trial of the instant adversary proceeding that, during 2014, she purchased property located at

1028 14th St., San Leon, Texas, from Robert Raymond Noble ("Defendant").  She testified that she made a down payment of $45,000.  On October 17, 2014, Debtor executed a deed of trust reflecting a debt to Defendant of $119,900, secured by the property.  (Defendant's Exhibit 1, Hearing 2/10/2016).[1]

Prior to the filing of the above captioned Chapter 13 case, Debtor was the debtor in another Chapter 13 case, Case No. 15-80234-G3-13.  Debtor filed the petition in Case No. 15-80234-G3-13 on June 18, 2015.  Case No. 15-80234-G3-13 was dismissed by order entered on September 4, 2015.

In the instant case, Debtor did not file a motion for continuation of the automatic stay.

On October 6, 2015, four days after the date of filing of the petition in the above captioned Chapter 13 case, filed an emergency motion for relief from stay, with respect to the property.  (Docket No. 10, Case No. 15-80355-G3-13).  The court set a hearing on the motion for October 15, 2015.

At the October 15, 2015 hearing, the parties announced an agreement.  The minutes of the October 15, 2015 hearing state in pertinent part:  "Agreed order to be filed within 14 days." (Docket No. 16, Case No. 15-80234-G3-13).

---

[1] Under Rule 65(a)(2), Fed. R. Civ. P., as made applicable by BR 7065, evidence received on a motion for preliminary injunction becomes part of the trial record.  Because Defendant re-used the exhibit numbers at trial that had previously been used, Defendant's exhibits are identified by date and exhibit number.

On October 30, 2015, the parties submitted a proposed form of agreed order conditioning the automatic stay. (Docket No. 24, Case No. 15-80234-G3-13). The agreed order was entered on November 2, 2015. (Docket No. 28, Case No. 15-80234-G3-13).

The agreed order provides in pertinent part:

> 6. The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receive their bankruptcy discharge. If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay. The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination. The motion must be filed within 14 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of the Property. Any co-debtor stay terminates at the time that the automatic stay terminates.

(Docket No. 28, Case No. 15-80234-G3-13).

Defendant admits that Defendant did not give notice of termination of the automatic stay. (Docket No. 1, Docket No. 5).

Debtor testified that she did not receive any notice of default pursuant to the agreed order. The court finds this testimony credible.

Defendant, through a trustee, conducted a foreclosure sale of Debtor's interest in the property on January 5, 2016. At the foreclosure sale, Defendant purchased the property for $75,000. (Debtor's Exhibit 5).

In the complaint in the instant adversary proceeding,

Debtor seeks damages for violation of the automatic stay, and rescission or avoidance of the foreclosure sale. (Docket No. 1). Defendant, in his answer, asserts that no stay was in effect, because more than 30 days had elapsed after filing of the instant Chapter 13 case, and Debtor did not seek continuation of the automatic stay. (Docket No. 5).

The court conducted evidentiary hearings on February 2, 2016 and February 10, 2016, and granted injunctive relief after those hearings. At the hearing on February 10, 2016, the court advanced the matter for trial.

At the trial on the instant adversary proceeding, Debtor presented no evidence as to damages.

## Conclusions of Law

Section 362 of the Bankruptcy Code provides in pertinent part:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section—
>
> > (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> >
> > (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
> >
> > > (A) the time the case is closed;
> > > (B) the time the case is dismissed; or
> > > (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
> \* \* \*
>
> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362.

The instant case presents a question of first impression in this court with respect to the effect of an order entered after the date of filing of the petition, but prior to the expiration of 30 days after the date of filing, in a second case filed by a debtor.  Although the court requested, and received, briefing from both sides, the briefing focused on an issue inapposite to the instant adversary proceeding:  whether, in the absence of extension of stay, there remains a stay in place as to property of the bankruptcy estate.

A foreclosure conducted in violation of the automstic stay is invalid.  In re Cueva, 371 F.3d 232 (5th Cir. 2004).

The instant adversary proceeding can be resolved through application of the plain meaning of Section 362 of the Bankruptcy Code.  The introductory clause of Section 362(c)(3) addresses the applicability of the stay, "[e]xcept as provided in subsections (d), (e), (f), and (h) of this section." 11 U.S.C. § 362(c)(3).  An order conditioning the stay is entered pursuant to Section 362(d) of the Bankruptcy Code, and thus falls within the exception stated in the introductory clause of Section 362(c)(3).  The court concludes that the stay remained in effect on January 5, 2016.  The court concludes that the foreclosure conducted at Defendant's instance is invalid.

With respect to Debtor's request for an award of damages, Debtor presented no evidence.  The court concludes that

the request for an award of damages should be denied.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 10, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE